UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.

THOMAS MAHON,

    Plaintiff,

vs.

MIAMI AIR INTERNATIONAL, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Miami Air International, Inc., by and through its attorneys, Holland & Knight LLP, respectfully gives Notice of Removal of this action from the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and in support thereof, states as follows:

## UNDERLYING ACTION

1. On or about June 18, 2019, Plaintiff Thomas Mahon commenced an action against Miami Air by filing a Complaint and Demand for Jury Trial (the "Complaint") in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Court Action"). A copy of the Complaint filed in the State Court Action is attached as **Exhibit 1**.

2. According to the Complaint, this action arises from alleged personal injuries sustained by Plaintiff on May 3, 2019 while he was a passenger on Miami Air Flight No. 293 ("Flight 293"), which was an international flight operated by Miami Air that departed from Guantanamo Bay, Cuba ("NBW") and arrived at the Naval Air Station Jacksonville ("NIP") in Jacksonville, Florida.  Compl. ¶ 6.

3. Plaintiff alleges that he was injured when Flight 293 landed at NIP. *See id.* ¶¶ 7 – 17. Specifically, the Complaint alleges that "when [Flight 293] landed on runway 10 it crashed through a seawall and into the Saint Johns River" (the "Incident"). *Id.* ¶ 12.

4. The Complaint alleges that Miami Air had a duty to, *inter alia* "properly assess, analyze, evaluate and interpret the physical conditions and limitations of runway 10 before selecting it as a suitable runway", "to request permission to land at another airport", and to "properly operate the aircraft." *Id.* ¶ 13(h) – (j).

5. The Complaint then alleges that Miami Air breached its duties by, *inter alia*, "[failing] to properly address, analyze, interpret and respond to phase shifting warning of the flight computer", "[failing] to program the aircraft's proper takeoff thrust setting and V speeds", and "[failing] to properly operate the aircraft." *Id.* ¶ 14(h) – (j).

6. The Complaint alleges that Plaintiff was injured as a result of the Incident. *Id.* ¶¶ 15 – 17

7. The Complaint asserts one cause of action: a common law claim for negligence under Florida law.

## **FEDERAL QUESTION JURISDICTION**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claim arises under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the "Montreal Convention").

9. The Montreal Convention applies to international transportation and governs claims arising from bodily injuries that took place "on board the aircraft or in the course of any of

the operations of embarking or disembarking." *See* Montreal Convention, Art. 17.

10. According to the Complaint, the subject matter of this action arose during "international carriage" within the meaning of Article 1(2) of the Montreal Convention. *See* Compl. ¶ 6. Specifically, Plaintiff's flight commenced in Guantanamo Bay, Cuba and terminated in Jacksonville, Florida: both Cuba and the United States are State Parties to the Montreal Convention.[1] Therefore, this action arises from "international carriage" within the meaning of Article 1(2) of the Convention.

11. Plaintiff's alleged injury occurred "on board the aircraft" within the meaning of Article 17. Because the Incident occurred during international carriage, the rights and liabilities of the parties are exclusively governed by the provisions of this Convention. Article 29 of the Montreal Convention provides in relevant part:

> In the carriage of passengers … **any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention**.

(emphasis added). The Eleventh Circuit echoed the express language of the Convention and made clear that the Montreal Convention "is the exclusive mechanism for recovery for personal injuries suffered on board an aircraft … ." *Marotte v. Am. Airlines, Inc.*, 296 F.3d 1255, 1259 (11th Cir. 2002) (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999)). "For all air transportation to which the Montreal Convention applies … the treaty provides the **sole cause of action** under which a claimant may seek redress for his injuries." *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008) (emphasis added); *see also In re Air Crash Near Rio Grande Puerto*

---

[1] A list of Signatory Parties to the Montreal Convention, is maintained by the International Civil Aviation Organization (ICAO) at https://www.icao.int/secretariat/legal/list%20of%20parties/mtl99_en.pdf, *last visited* July 18, 2019 and is attached as **Exhibit 2**.

*Rico on Dec. 3, 2008*, No. 11-md-2246-KAM, 2012 WL 760885, at *4 (S.D. Fla. Mar. 7, 2012) (finding that the Montreal Convention "provides the sole cause of action under which Plaintiffs can redress their injuries" arising from international transportation); *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1334-35 (S.D. Fla. 2015) (finding that the Montreal Convention, where applicable, provides the exclusive cause of action and preempts all state-law claims).

12. Therefore, Plaintiff's action may be removed to this Court pursuant to 28 U.S.C. § 1331. *See Ugaz.*, 576 F. Supp. 2d at 1358 (noting that the Montreal Convention provided a basis for federal jurisdiction and removal).

13. The Southern District of Florida, Fort Lauderdale Division, embraces the place where the State Court Action is pending, *i.e.*, Broward County.

14. This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11, and is timely in accordance with 28 U.S.C. § 1446.

15. Miami Air, therefore, removes this State Court Action to this Court pursuant to 28 U.S.C. § 1331.

## TIMELINESS

16. Pursuant to 28 U.S.C. § 1446(b), the instant Notice of Removal has been filed within thirty (30) days of receipt by Miami Air of the Summons and Complaint. The Summons and Complaint were served on Miami Air's Registered Agent, Juan T. O'Naghten, on June 28, 2019. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## STATE COURT PLEADINGS.

17. A true and correct copy of all of the process, pleadings, and orders served in the State Court Action are attached as **Exhibit 3**. A true and correct copy of the docket for the State Court Action is attached as **Exhibit 4**.

## NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL

18. A copy of this Notice of Removal is being filed with the Seventeenth Judicial Circuit Court in and for Broward County, Florida and written notice is being provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

## NON-WAIVER AND RESERVATION OF RIGHTS

19. In filing this Notice of Removal, Miami Air reserves all and does not waive any defenses.

**WHEREFORE**, Miami Air respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that this action now proceeding against it be removed from the Seventeenth Judicial Circuit Court in and for Broward County, Florida, to this Court, and that this action proceed in this Court as a properly removed action.

Dated: July 18, 2019.

        Respectfully submitted,
        HOLLAND & KNIGHT LLP

    /s/    *Joshua R. Levenson*
        Joshua R. Levenson
        Florida Bar No. 56208
        joshua.levenson@hklaw.com
        Holland & Knight LLP
        515 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, Florida 33301
        Phone: (954) 468-7852
        Fax: (954) 463-2030
        *Attorneys for Miami Air International, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on July 18, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Hyram M. Montero, Esq.
Montero Law Center
100 S.E. 6th Street,
Ft. Lauderdale, FL 33301
Email:  hmontero@monterolaw.com
        eservice@monterolaw.com
*Counsel for Plaintiff*
**[ via CM/ECF ]**

                                        */s/     Joshua R. Levenson*
                                        Joshua R. Levenson
                                        Florida Bar No. 56208
                                        joshua.levenson@hklaw.com

#68887889_v1